IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **NICHOLAS MORROW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:19-cv-00351** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **METROPOLITAN NASHVILLE OF** | ) | **MAGISTRATE JUDGE HOLMES** |
| **DAVIDSON COUNTY, TENNESSEE, et** | ) | |
| **al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM</u>

Pending before the Court is Defendant Vanderbilt University Medical Center's ("VUMC")

Motion for Summary Judgment. (Doc. No. 103). Plaintiff filed a Response (Doc. No. 134) and

Defendant filed a Reply (Doc. No. 141). The Court also considered the arguments on this issue

presented in Plaintiff's Motion for Partial Summary Judgment. (Doc. No. 124). For the reasons

stated herein, the Motion will be **GRANTED**.

## I.    FACTUAL BACKGROUND

On April 29, 2018, at 9:49 p.m., Metro Nashville police officers brought Plaintiff to the

VUMC emergency department following a several-hour stand-off between police and Plaintiff and

a determination by the Mental Health Cooperative's Mobile Crisis Unit that Plaintiff needed to be

involuntarily admitted for mental health treatment. (*See* Doc. Nos. 104-2, 104-3). After arriving at

VUMC, Plaintiff was evaluated by VUMC providers who also determined that Plaintiff needed to

be involuntarily admitted for mental health treatment. (*See* Doc. No. 104-4).

On April 30, 2018, the General Sessions Court for Davidson County, Tennessee issued an

Order requiring Plaintiff to be admitted for emergency diagnosis, evaluation and treatment at

VUMC pending a probable cause hearing on May 4, 2018. (Doc. No. 104-5). The Order is signed by Steven Holzapfel, Judicial Commissioner. (*Id*.). Following the May 4 probable cause hearing, the General Sessions Court ordered that Plaintiff be held pending a hearing for involuntary commitment. (Doc. No. 104-6). The May 4, 2018 order required that Plaintiff be released no later than May 19, 2018, unless a complaint was filed under Tenn. Code. Ann. § 33-6-5. (*Id*.). Plaintiff was discharged from VUMC on May 11, 2018. (*See* Doc. No. 104-1 ¶ 4).

Plaintiff contends that the April 30, 2018, General Sessions Court Order does not satisfy the requirements of Tenn. Code Ann. §§ 33-6-413 and 33-6-414 because the Order was issued by a judicial commissioner, not a general sessions judge. Plaintiff brings claims against VUMC for negligence *per se* and false imprisonment.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts.  *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case.  *Id.* "The moving party is entitled to summary judgment when the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial.'" *Goodman v. J.P. Morgan Investment Management, Inc*., 954 F.3d 852, 859 (6th Cir. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

2

In evaluating a motion for summary judgment, the Court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather the Court determines whether sufficient evidence has been presented to make the issue of a material fact a proper jury question. *Id*. The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the non-moving party. *Rodgers*, 344 F.3d at 595.

### III.     ANALYSIS

Plaintiff brings claims against VUMC for negligence per se and false imprisonment. Plaintiff's claims against VUMC rest on the argument that the involuntary commitment statute requires an order from a general sessions judge for involuntary admission beyond 24 hours. Plaintiff argues that because the order was issued by a judicial commissioner rather than a general sessions judge, it does not satisfy the statutory requirement.

The relevant statutory provisions are Tenn. Code Ann. §§ 33-6-413 and 33-6-414. Section 413 provides:

**Notice to court of admission; notice of information**

(a) The chief officer, upon admission of the person, shall notify the judge of the general sessions court where the hospital or treatment resource is located, by telephone or in person, and shall provide the information from the certificates of need and such other information as the court may desire, that is in the possession of the hospital or treatment resource, bearing on the condition of the person. If the general sessions court finds that there is probable cause to believe that the defendant is subject to admission to a hospital or treatment resource under § 33-6-403, the court may order the defendant admitted for not more than five (5) days from the

3

date of the order, excluding Saturdays, Sundays and holidays, for emergency diagnosis, evaluation and treatment pending a probable cause hearing under § 33-6-422. If the court does not order the defendant admitted, the defendant shall be released.

Tenn. Code. Ann. § 33-6-413. The admitting facility may hold the person for "not more than twenty-four (24) hours pending a court order under § 33-6-413." Tenn. Code. Ann. § 33-6-414.

Plaintiff states that the dispositive question of law for purposes of summary judgment is "whether a judicial commissioner is a general sessions judge, or whether he has the authority of one." (Doc. No. 134 at 1). That is not the case. The question is whether the General Sessions Court found probable cause to believe Plaintiff was subject to admission to a hospital or treatment resource under Tenn. Code. Ann. § 33-6-403. Tenn. Code. Ann. § 33-6-413. The Court finds that it did.

Plaintiff's argument, while creative, does not overcome the record before the Court. In compliance with the statute, the General Sessions Court of Davidson County, Tennessee issued an order finding that Plaintiff should be involuntarily admitted pending a hearing and set a hearing date. (Doc. No. 104-5). VUMC received that order from the General Sessions Court and admitted Plaintiff for diagnosis, evaluation, and treatment. The plain language of the statute does not support Plaintiff's proposition that only a general sessions judge may sign the order, and not a duly appointed judicial commissioner of the General Sessions Court.[1] And Plaintiff's assertion that the order is "the equivalent of a police officer signing an order, and then writing 'IN THE GENERAL SESSIONS COURT' on the top line" is both unpersuasive and unsupported by any authority or evidence. (Doc. No. 134 at 4). Plaintiff has offered only allegations, which are insufficient to

---

[1]    Judicial commissioners are duly appointed officers of a general sessions court. *See* Tenn. Code. Ann. § 40-5-204. They serve at the pleasure of the general sessions judges. *Id.* In Nashville, the Judicial Commissioners are tasked with presiding over an extension of the Davidson County General Sessions Court, known as Night Court. *See* General Sessions Court 18-Month Report (2018) (Doc. No. 104-8).

4

survive summary judgment. *See Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) ("In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." (internal quotations omitted)).

Nevertheless, the Court finds that even if the General Sessions Court Order is invalid, VUMC was entitled to rely on the facially valid order in involuntarily admitting Plaintiff. *See Hood v. Jenkins*, 432 S.W.3d 814, 827 (Tenn. 2013) ("[P]arties have the right to act in reliance upon orders of a court without being subject to later claim for damages in the event the court or its officers were in error, as long as the parties did not direct or ratify the wrongful acts." (cleaned up) (quoting *Hawley v. Lavelle*, 602 S.W.2d 499, 502 (Tenn.Ct.App. 1980)). There is no evidence before the Court to support a finding that VUMC directed or ratified the acts of the court, only that they relied on the order.

For the reasons stated herein, the Court finds that VUMC is entitled to summary judgment on Plaintiff's claims against it.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

5